IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FRANK MOYA                                                                                              PLAINTIFF
ADC #118712

v.                                              4:20-cv-01123-LPR-JJV

LINCOLN COUNTY DETENTION CENTER                                              DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.      INTRODUCTION**

Frank Moya ("Plaintiff"), incarcerated at the Lincoln County Detention Center, filed this action *pro se* pursuant to 42 U.S.C. § 1983.   Plaintiff sued the Lincoln County Detention Center; he made official capacity claims only.  (Doc. No. 2.)   He alleged he has been without water in

his cell for thirty days.  (*Id*. at 4.)  He claimed he reported the problem repeatedly and was told the issue was being fixed.  (*Id*.)  Plaintiff asserted his medication and medical issues require him to drink "plenty of water."  (*Id*.)

On September 23, 2020, I advised Plaintiff that his Complaint failed to state a claim on which relief may be granted.  (Doc. No. 3.)  Plaintiff was given the opportunity to file a superseding Amended Complaint.  I explained to Plaintiff the deficiencies in his Complaint, and what an Amended Complaint should contain.  (*Id*. at 3-6.)  Plaintiff filed an Amended Complaint on October 5, 2020.  (Doc. No. 4.)  I will now continue screening Plaintiff's claims.

**II.     SCREENING**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id*.  But whether a plaintiff is represented by counsel or is appearing *pro se*, his

complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   PLAINTIFF'S COMPLAINT

Plaintiff's Amended Complaint is deficient.   Plaintiff again sued only the Lincoln County Detention Center.   A detention center is not an entity subject to suit under 42 U.S.C. § 1983.  *De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001).   Plaintiff was warned of this deficiency when given the chance to submit an Amended Complaint.   (Doc. No. 3 at 3.)   Yet once more he named only the Detention Center as a Defendant.

In his Amended Complaint, Plaintiff mentions Jail Administrator Tyler Burgess and Jailors Gage Sanders and Tom McGregor.   (Doc. No. 4 at 4-5.)   Considering Burgess, Sanders, and McGregor as Defendants does not save Plaintiff's Amended Complaint.   Plaintiff made claims in the official capacity only.   (*Id*. at 2.)   Earlier, I explained to Plaintiff that "[a] suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity."   (Doc. No. 3 at 3) (*citing Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010)).   I informed Plaintiff that "[t]o establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional injury."   (*Id*. at 3-4) (citing *Corwin v. City of Independence, Missouri,* 829 F.3d 695, 699 (8th Cir. 2016) (*citing Monnell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)).   Plaintiff has not done so.   And he has not alleged that he is being denied water at meals or otherwise, only that his cell has been without water for some time.

I realize Plaintiff may perceive my findings as an unfairly technical "gotcha" mechanism to keep him out of court.   But despite guidance, Plaintiff sued in the official capacity only.   And

he has not alleged any policy, failure to train or supervise, or custom was the driving force behind the alleged violation of his rights.   Even if he had named proper Defendants, his official capacity claim fails.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint (Doc. No. 4) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 8th day of October 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows:   "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."